# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-059V
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| LISA JOHNSON | * | Chief Special Master Corcoran |
| | * | |
| | * | Filed: November 24, 2020 |
| Petitioner, | * | |
| | * | Attorney's Fees and Costs; |
| v. | * | Interim Fees; Expert Costs; |
| | * | Mediation Costs; Travel Costs. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Ronald Homer*, Conway Homer, PC, Boston, MA, for Petitioner.

*Voris Johnson*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

### **DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On January 13, 2017, Lisa Johnson filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that she experienced a shoulder injury related to vaccine administration as a result of the influenza vaccine she received on October 20, 2014. *See* Petition, filed Jan. 13, 2017 (ECF No. 1). The petition was

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

initially designated for resolution in the Special Processing Unit of the Office of Special Masters, but transferred out when the parties were unable to settle the claim. During the second half of 2019, the case was also included in OSM's "P-100" mandatory mediation program, but that program was discontinued (although some costs associated with mediation efforts were incurred). The matter has since been transferred to me.

Petitioner has requested an interim award of attorney's fees and costs in the total amount of $57,810.73 (representing $44,531.50 in attorney's fees, plus $13,279.23 in costs). *See generally* Motion for Interim Attorney's Fees and Costs, filed Jan. 22, 2020 (ECF No. 65) ("Interim Fees App."). Respondent reacted to the motion on January 29, 2020, deferring to my discretion as to whether Petitioner has met the legal standards for an interim fees and costs award. Response, filed Jan. 29, 2020 (ECF No. 69) at 2–3. Respondent otherwise represents that the statutory and other legal requirements for an award of attorney's fees and costs are met, and recommends that if an interim award is appropriate, I calculate a reasonable sum. *Id.*

For the reasons stated below, I hereby **GRANT** Petitioner's motion, awarding at this time interim fees and costs in the total amount of **$57,810.73**.

## PROCEDURAL HISTORY

This action has been pending for almost four years. As the billing invoices submitted in support of the fees application reveal, Petitioner's attorneys—Mr. Ronald Homer, Ms. Meredith Daniels, Mr. Joseph Pepper, Ms. Christina Ciampolillo, Lauren Faga, Nathaniel Enos, and Patrick Kelly—as well as seven paralegals began working on the matter in September 2015, approximately fifteen months before its filing. *See* Tab A of Interim Fees App. at 4. The case thereafter proceeded with Petitioner filing medical records and a statement of completion by January 19, 2017, and Respondent filing his Rule 4(c) Report on June 27, 2018. Respondent's Report, filed June 27, 2018 (ECF No. 40).

Petitioner subsequently filed expert reports from Dr. Marko Bodor, along with supporting medical literature. Dr. Bodor Report, filed Feb. 2, 2018 (ECF No. 35-1); Dr. Bodor Supplemental Report, filed Aug. 1, 2018 (ECF No. 44-1); Dr. Bodor Second Supplemental Report, filed Feb. 4, 2019 (ECF No. 52-1). Respondent similarly filed expert reports from Dr. Robert Lightfoot, along with relevant medical literature. Dr. Lightfoot Report, filed June 27, 2018 (ECF No. 41-1); Dr. Lightfoot Supplemental Report, filed Nov. 2, 2018 (ECF No. 48-1); Dr. Lightfoot Second Supplemental Report, filed Apr. 1, 2019 (ECF No. 54-1).

The parties filed a final joint statement of completion (ECF No. 61) on October 24, 2019, indicating that the record was complete. And as noted above, the parties attempted to resolve the claim through mediation but were unsuccessful. *See* Status Report, filed Dec. 20, 2019 (ECF No. 64).

Petitioner filed the present interim request for an award of attorney's fees and costs on January 22, 2020. *See generally*, Interim Fees App. It is the only fees request submitted to date in this case. Petitioner specifically requests the following rates of compensation:

|  | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 |
|---|---|---|---|---|---|---|
| **Ronald Homer, Esq.** | - | - | $409 | $421 | $430 | - |
| **Meredith Daniels, Esq.** | $143 | $160 | $280 | $286 | $294 | $320 |
| **Joseph Pepper, Esq.** | - | $290 | $297 | - | $325 | - |
| **Christina Ciampolillo, Esq.** | - | - | $307 | - | $350 | - |
| **Lauren Faga, Esq.** | - | - | $271 | - | $285 | - |
| **Nathaniel Enos, Esq.** | - | - | - | $152 | $205 | - |
| **Patrick Kelly, Esq.** | - | - | - | - | $205 | - |
| **Paralegals** | $135 | $135 | $138 | $142 | $145 | $145 |

Petitioner states that the requested hourly rates are consistent with the Forum Hourly Rate Fee Schedule and *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Interim Fees App. at 1. Petitioner additionally requests $13,279.23 in attorney's costs (for obtaining medical records, expert fees, travel expenses, and mediation costs). *Id.* at 2; Tab A of Interim Fees App. at 23–25.

## ANALYSIS

### I. Legal Standard Applicable to Interim Fees and Costs Requests

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis (here meaning while the case is still pending). *Auch v. Sec'y of Health & Hum. Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Hum. Servs.,* No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not

required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Hum. Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera*, 515 F.3d at 1352. While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16.

I find that Petitioner has made a showing sufficient to justify an award of interim fees and costs. Criteria that I have found to be important in determining whether an interim fees request should be permitted include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Hum. Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017). This matter meets all these criteria: it has been pending for almost four years and the total amount of attorney's fees requested exceeds the minimum threshold that I find to be appropriate.[3]

## II.    Amounts Requested for Petitioner's Attorneys

I must now determine the magnitude of the award. Whether a fee award is made on an interim basis or after a case's conclusion, the requested sum must be "reasonable." Section 15(e)(1). Special masters may in their discretion reduce attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208–09 (2009); *Perreira*, 27 Fed. Cl. at 34 (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended[4] on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at

---

[3] Consistent with my usual practice, however, any fees incurred *subsequent* to this interim award will be addressed at the conclusion of the case. *A second award of interim attorney's fees will not be entertained*.

[4] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Hum. Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205–06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id*. at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

Petitioner asks that the attorneys and paralegals who worked on this matter be reimbursed at varying rates for work performed from 2015-2020, as detailed above. Attorneys at Conway, Homer, P.C. have long been recognized to practice in forum, entitling them to commensurate rates. In addition, I have recently considered the rates of the same attorneys and legal professionals representing Petitioner in this case, and found them to be reasonable. *See,* e.g., *Tafuri v. Sec. of Health & Human Servs*., No. 18-1667V, 2020 WL 5032478, at *1 (Fed. Cl. Spec. Mstr. July 24, 2020). And the hourly rates requested are also consistent with the Office of Special Masters' fee schedule.[5] Thus, I find Petitioner's requested rates reasonable, and they shall be awarded.

In addition, the number of hours expended on this matter appear to be reasonable for a case that has lasted almost four years, and also required a mandatory mediation attempt. This case has proceeded in a timely fashion, and Petitioner's attorneys appear to have efficiently used their time to collect the necessary medical records and medical literature relevant to this case. I do not find any particular billing entries to be objectionable, nor has Respondent identified any as such. Therefore, the requested attorney's fees will be reimbursed in full.

### III. Requested Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Perreira*, 27 Fed. Cl. at 34; *Presault*, 52 Fed. Cl. at 670. Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester*, 2013 WL 5367670, at *16. When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

---

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). This "Davis" exception is inapplicable here, however, because I have previously found the attorneys in question should receive forum rates.

[5] The *McCulloch* forum rate ranges have been compiled into a list and posted to the Vaccine Claims section of the United States Court of Federal Claim website. The forum hourly rate fee schedule can be accessed at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

Of the $13,279.23 in litigation costs requested by Petitioner, $4,132.08 reflects work performed by her expert, Dr. Bodor. Tab B of Interim Fees App. at 51–52. Dr. Bodor billed for just over eight hours of work at a rate of $500 per hour. *Id.* I find this rate reasonable in light of the medical record and work performed in this matter, and Dr. Bodor's credentials and prior experience testifying in Program cases merit the requested rate. I also find that the amount of time billed for Dr. Bodor's work is reasonable given the nature of this matter and the number of reports Dr. Bodor authored. Thus, no reductions are necessary for this component of Petitioner's application.

Petitioner also seeks reimbursement for travel costs—a total of $1,467.71—relating to an initial client meeting as well as travel and hotel expenses incurred while attending the mediation. Tab A of Interim Fees App. at 23–25. Respondent has not objected to these costs, nor do I find them unreasonable. Thus, they shall be awarded in full.

Petitioner additionally requests $5,765.60 for reimbursement of expenses relating to the November 2019 mediation. Tab A of Interim Fees App. at 25. Of the requested amount, $751.10 reflects the cost of reserving the conference room in which the mediation took place. *Id.* Additionally, Petitioner seeks $5,014.50, representing her one-half share for the cost of hiring a court-approved mediator—an expense that the parties agreed in advance to split. *Id.* Again, such costs are typical of those incurred in other Program cases in which a third-party mediator is employed. *See, e.g.*, *Cipa v. Sec'y of Health & Hum. Servs.*, No. 16-462, 2019 WL 2744851, at *3 (Fed. Cl. Spec. Mstr. June 6, 2019). Though the parties were unable to resolve this matter in mediation, I find that their good-faith attempt to do so, coupled with the compulsory nature of this expense, is sufficient to justify reimbursement of the requested costs. Therefore, I shall award these costs without reduction.

The remaining costs are miscellaneous litigation expenses, like charges for medical record requests and postage. Tab A of Interim Fees App. at 23–25. These costs are likewise reasonable under the circumstances presented by this case, and are typical costs incurred during the litigation of Program cases. Thus, I award these and all other requested costs—a total of $13,279.23—in full.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees and costs awards, and based on the foregoing, I **GRANT** Petitioner's Motion for Interim Attorney's Fees and Costs.

I therefore award a total of **$57,810.73** in interim fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Ronald Homer, Esq., representing attorney's fees in the amount of $44,531.50, plus costs in the amount of $13,279.23.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]


**IT IS SO ORDERED.**

s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.