# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-59V

| | | |
|---|---|---|
| L.J., | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: June 28, 2023 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Ronald C. Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Voris E. Johnson,* U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On January 13, 2017, L.J. filed a petition for compensation under the National Vaccine and Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1) ("Pet.") at 1. The Petition alleged that L.J. suffered from a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of receiving the influenza ("flu") vaccine on October 20, 2014. *Id.* On December 2, 2021, I issued a Ruling on Entitlement, and on January 20, 2023, I awarded Petitioner damages. ECF Nos. 84, 105. These determinations were not appealed, and the case has ended.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated June 21, 2023 (ECF No. 108) ("Final Fees Mot."). This is the second fees request in this matter. Petitioner requests a total of $33,665.31, reflecting $33,635.40 in fees incurred for the

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

services of Mr. Ronald Homer, Ms. Christina Ciampolillo, Mr. Joseph Pepper, Ms. Meredith Daniels, Ms. Lauren Faga, and paralegals, plus $29.91 in costs. Final Fees Mot. at 1–2. Respondent reacted to the final fees request on June 28, 2023. Response, dated June 28, 2023 (ECF No. 110) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2–3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$33,665.31**.

## ANALYSIS

**I.     Attorney's Fees**

Because Petitioner's claim was successful, the Act entitles him to an award of attorney's fees. Section 15(e). Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years work was performed:

|  | **2020** | **2021** | **2022** | **2023** |
|---|---|---|---|---|
| **Mr. Ronald Homer (Attorney)** | $447.00 | $447.00 | $475.00 | $500.00 |

| | | | | |
|---|---|---|---|---|
| **Ms. Christina Ciampolillo (Attorney)** | $380.00 | $380.00 | -- | $470.00 |
| **Mr. Joseph Pepper (Attorney)** | -- | $355.00 | $415.00 | $455.00 |
| **Ms. Lauren Faga (Attorney)** | -- | -- | $385.00 | -- |
| **Ms. Meredith Daniels (Attorney)** | $350.00 | $350.00 | $410.00 | $455.00 |
| **Paralegal** | $155.00 | $155.00 | $170.00 | $185.00 |

ECF No. 108 Tab A at 20.

The attorneys at Conway, Homer, P.C., in Boston, MA—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid forum rates as established in *McCulloch*. *See Lozano v. Sec'y of Health & Hum. Servs.*, No. 15-369V, 2020 WL 7869439, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2020). The rates requested for the attorneys and paralegals of Conway, Homer, P.C., are also consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule.[3] *Japaridze v. Sec'y of Health & Hum. Servs.*, No. 20-1545V, 2023 WL 4104131, at *1 (Fed. Cl. May 17, 2023); *Kimball v. Sec'y of Health & Hum. Servs.*, No. 20-2000V, 2023 WL 4044612, at *1 (Fed. Cl. May 16, 2023); *Meyer v. Sec'y of Health & Hum. Servs.*, No. 20-2031V, slip op. at 2 (Fed. Cl. Spec. Mstr. May 16, 2023). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## II. Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $29.91 in outstanding mailing costs. ECF No. 108 Tab B at 1. Mailing costs are commonly incurred in the Vaccine Program, and are reasonable herein. All requested costs shall also be awarded.

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited June 28, 2023).

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety and award a total of **$33,665.31** reflecting $33,635.40 in attorney's fees and $29.91 in costs in the form of a check made jointly payable to Petitioner and her attorney Mr. Ronald Homer.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.